Matthew W. Siegal
Attorneys for Defendants
1000 Woodbury Road
Woodbury, New York 11797
Tel.:  (516) 228-8484
Fax:  (516) 228-8516
*msiegal@dilworthbarrese.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

  KHALED M. KHALED and
    ATK ENTERTAINMENT, INC.,

                  Plaintiffs,

            v.                        Case No. 18-cv-05187 (PAE) (DCF)

  CURTIS BORDENAVE and
  BUSINESS MOVES CONSULTING INC.        Jury Trial Demanded
  D/B/A BUSINESS CONSULTING,

               Defendants.

-----------------------------------------------------------X

## ANSWER AND AFFIRMATIVE DEFENSES

       Curtis Bordenave and Business Moves Consulting Inc. D/B/A Business Moves (hereinafter "Defendants,") by and through their undersigned counsel, hereby answer and submit affirmative defenses to the individually numbered allegations in the Amended Complaint (the "Complaint") filed by Plaintiff Khaled M. Khaled And ATK Entertainment, Inc. (hereinafter "Plaintiffs"), as follows:

### NATURE OF THE ACTION

1.     Defendants deny the allegations of Paragraph 1.

2.     Defendants deny the allegations of Paragraph 2.

3.     Defendants admit they have applied to register the trademarks ASAHD, ASAHD COUTURE, A.S.A.H.D. A SON AND HIS DAD, and WE THE BEST LIFESTYLE, and made certain uses of at least one of these trademarks, but deny the  remaining allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants admit that Plaintiffs have brought this action under the grounds enumerated in the Complaint and seek the relief requested in the Complaint, but deny the remaining allegations of Paragraph 5.

6.      Defendants admit that Plaintiffs request a declaratory judgment in the Complaint, but deny the remaining allegations of Paragraph 6.

## THE PARTIES

7.      Defendants lack sufficient information to admit or deny the allegations of Paragraph 7, and therefore deny same.

8.      Defendants deny the allegations of Paragraph 8.

9.      Defendants admit that Curtis Bordenave is a resident of Texas, but deny the remaining allegations of Paragraph 9.

10.     Defendants admit that Business Moves is a corporation existing under the laws of the State of Mississippi, but deny the remaining allegations of Paragraph 10.

## JURISDICTION & VENUE

11.     Defendants admit that this action was purportedly brought under the enumerated laws, but deny the remaining allegations of Paragraph 11.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14.

### Common facts

**A.  Khaled, DJ Khaled and We The Best**

15.     Defendants deny the allegations of Paragraph 15.

16.     Defendants admit that Plaintiff Khaled has used the performing name and designation Khaled and DJ Khaled in connection with various entertainment and music related products and services, but deny the remaining allegations of Paragraph 16.

17.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 17, and therefore deny same.

18.     Defendants deny the allegations of paragraph 18.

19.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 19, and therefore deny same.

20.     Defendants admit that Khaled now often repeats and shouts the phrase "we the best" and has used the phrase interwoven with lyrics, but deny the remaining allegations of Paragraph 20.

21.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 21, and therefore deny same.

22.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 22, and therefore deny same.

23.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 23, and therefore deny same.

24.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 24, and therefore deny same.

25.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 25, and therefore deny same.

26.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 26, and therefore deny same.

27.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 27, and therefore deny same.

28.     Defendants admit that Khaled has appeared on television programs, but Defendants lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 28, and therefore deny same.

29.     Defendants deny the allegations of Paragraph 29.

30.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 30, and therefore deny same.

31.     Defendants deny the allegations of Paragraph 31.

32.     Defendants admit that Khaled and Nicole Tuck have a son named Asahd Tuck Khaled, but deny the remaining allegations of Paragraph 32.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants deny the allegations of Paragraph 34 and/or lack sufficient knowledge to admit or deny the allegations of Paragraph 34, and therefore deny same.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 36, and therefore deny same.

37.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 37, and therefore deny same.

38.     Defendants admit that USPTO records purportedly show that ATK applied to register the marks Asahd, Asahd Khaled, and Asahd Tuck Khaled and do not deny the identified serial numbers, but deny the remaining allegations of paragraph 38.

**B.  Defendants' Activities**

39.     Defendants admit that Defendants filed the identified trademark applications for the identified goods or services and that the applications speak for themselves, but deny the remaining allegations of Paragraph 39.

40.     Defendants admit that defendants filed the identified trademark applications, which speak for themselves, but deny the remaining allegations of Paragraph 40.

41.     Defendants admit that the USPTO issued an office action in Serial Number 87/529,960, admit that the office action speaks for itself, but deny the remaining allegations of Paragraph 41.

42.     Defendants admit that they filed an intent to use trademark application, Serial Number 87/541,379 for We The Best Lifestyle, for magazine publishing services, that the application speaks for itself, but deny the remaining allegations of Paragraph 42.

43.     Defendants admit that they filed Application Serial Number 87/798,432 for Asahd Couture, that an amendment was filed, that the identified goods include footwear and other clothing items, that they filed Application Serial Number 87/867,012 for A.S.A.H.D. A Son And His Dad (and design), for goods including clothing items and other products and services, but deny the remaining allegations of Paragraph 43.

44.     Defendants admit the allegations of Paragraph 44.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants do not understand the scope of Plaintiff's use of the word "indicated" and therefore deny the allegations of Paragraph 46.

47.     Defendants admit that they have not obtained written consent from Plaintiffs or any representative of the Plaintiffs to use the Asahd name and the mark We The Best Lifestyle, but

deny that they were obligated to obtain such consent and deny the remaining allegations of Paragraph 47.

48.     Defendants admit that the goods and services offered under the Asahd and We The Best Lifestyle marks were not provided or approved by Plaintiffs or anyone with authorization from Plaintiffs, but deny that such approval was required and deny the remaining allegations of Paragraph 48.

49.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 49, and therefore deny same.

50.     Defendants deny the allegations of Paragraph 50.

51.     Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 51, and therefore deny same.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants admit that they continue to use the We The Best and Asahd marks, but deny the remaining allegations of Paragraph 53.

54.     Defendants deny the allegations of Paragraph 54.

55.     Defendants admit that Plaintiff accurately transcribed a portion of the February 16, 2018 communication, but deny the remaining allegations of Paragraph 55.

56.     Defendants admit that they sent a follow-up communication and that the follow-up communication included the words "big problem," but deny the remaining allegations of paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

**C.  Effect of Conduct**

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

### First Claim For Relief – N.Y. Civ. Rights Law §§ 50-51

63.     Defendants repeat and reallege their responses to paragraphs 1-62, as if fully set forth herein.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants admit that they do not have the consent of Plaintiffs to use the name Asahd, but deny that such consent is required and deny the remaining allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67.

### Second Claim For Relief – N.Y. Civ. Rights Law §§ 50-51

68.     Defendants repeat and reallege their responses to paragraphs 1-67, as if fully set forth herein.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants admit that they do not have the consent of Plaintiffs to use the name Khaled and DJ Khaled, but deny that such consent is required and deny the remaining allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

### Third Claim For Relief – Federal Trademark Infringement (15 U.S.C. § 1114(1)

73.     Defendants repeat and reallege their responses to paragraphs 1-72, as if fully set forth herein.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

**Fourth Claim For Relief – Federal Unfair Competition (15 U.S.C. § 1125(a)**

79.     Defendants repeat and reallege their responses to paragraphs 1-78, as if fully set forth herein.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

**Fifth Claim For Relief – Unfair Competition Under New York Common Law**

87.     Defendants repeat and reallege their responses to paragraphs 1-86, as if fully set forth herein.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

**Sixth Claim For Relief –**
**Violation Of The New York Deceptive And Unfair Trade Practices Act**
**(N. Y. Gen. Bus. Law § 349)**

93.     Defendants repeat and reallege their responses to paragraphs 1-92, as if fully set forth herein.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

**Seventh Claim For Relief – Commercial Defamation**

100.    Defendants repeat and reallege their responses to paragraphs 1-99, as if fully set forth herein.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

**Eighth Claim For Relief – Claim For Declaratory Judgment Of Non-Infringement**

105.    Defendants repeat and reallege their responses to paragraphs 1-104, as if fully set forth herein.

106.    Defendants admit that Plaintiff ATK's use and registration of the Asahd mark is likely to cause confusion with Defendants' Asahd mark, but deny the remaining allegations of Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Wherefore Clause of their complaint.

## AFFIRMATIVE DEFENSES

### First Defense

109.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

110.    Plaintiffs' alleged marks are invalid, unenforceable and/or unprotectable as trademarks and cannot form the basis of an infringement or unfair competition claim under state or federal law and should be canceled.

### Third Defense

111.    Plaintiffs' alleged marks are merely descriptive and have not achieved acquired distinctiveness or secondary meaning among relevant consumers, and are unprotectable as trademarks and cannot form the basis of an infringement or unfair competition claim under state or federal law and any such registrations are invalid and should be canceled. Plaintiffs cannot demonstrate that the marks at issue are distinctive enough to deserve protection and the Defendants' use of said marks is not likely to cause consumer confusion as to the proper origin of the good offered.

### Fourth Defense

112.    Plaintiffs use the alleged marks Khaled and Asahd as personal names and they are invalid as trademarks. Plaintiffs do not use the alleged trademarks as trademarks.

### Fifth Defense

113.    Plaintiffs' use of "we the best" is merely descriptive, the phrase is commonly used by many businesses and individuals, and cannot serve the trademark use alleged by Plaintiffs.

**Sixth Defense**

114.    Plaintiff ATK is not a valid corporation and accordingly, any registrations filed by ATK are not valid. The formation of ATK exhibits unclean hands.

**Seventh Defense**

115.    Defendants have not infringed any valid rights of Plaintiffs. Even if the rights are valid, there has been no infringing use.

**Eighth Defense**

116.    Plaintiffs' Federal Trade Mark Registrations are invalid or unenforceable.

**Ninth Defense**

117.    Plaintiffs are not the true owners of the trademark registrations.

**Tenth Defense**

118.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**Eleventh Defense**

119.    Plaintiffs' claims are barred by the doctrine of unclean hands.

**Twelfth Defense**

120.    Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that it will suffer any irreparable harm from Defendants' actions. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**Thirteenth Defense**

121.    The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

**Fourteenth Defense**

122.    The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any of the marks at issue.

**WHEREFORE**, defendants respectfully request that this Court rule or otherwise enter a judgment:

(1) Dismissing the claims in the Complaint with prejudice;

(2) Requiring Plaintiffs to pay defendant's costs and attorney fees, because this is an exceptional case, and reimburse defendants for their reasonable attorney fees and expenses under 15 U.S.C. § 1117; and

(3) Granting such other and further relief as this court deems appropriate.

**Demand For Jury Trial**

Defendants demand a jury trial on all triable issues.


Dated: New York, New York                DILWORTH & BARRESE, LLP
       August 13, 2018

                                         By:  /s/  Matthew W. Siegal
                                              Matthew W. Siegal
                                              Attorneys for Defendants
                                              1000 Woodbury Road
                                              Woodbury, New York 11797
                                              Tel.:  (516) 228-8484
                                              Fax:  (516) 228-8516
                                              msiegal@dilworthbarrese.com

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the attached ANSWER AND AFFIRMATIVE DEFNSES is being transmitted and served by ECF to Craig S. Mende, David A. Donahue and Sean F. Harb, counsel for plaintiff, Khaled M. Khaled and ATK Entertainment, Inc., on August 13, 2018.


                                    /s/  Matthew W. Siegal
                                    Matthew W. Siegal