```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/10/18
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KHALED M. KHALED and ATK
ENTERTAINMENT, INC.,

                  Plaintiffs,

v.

CURTIS BORDENAVE and BUSINESS
MOVES CONSULTING INC. DBA BUSINESS
MOVES,

                  Defendants.

**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND**
**PROTECTIVE ORDER**

Case No. 18 Civ. 5187 (PAE)

Paul A. Engelmayer, U.S.D.J.:

    WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

    IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

### Designation and Use of Discovery Material

1. Counsel for any party may designate any "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action including, but is not limited to any document, information contained in a document, information revealed in an interrogatory response, and/or information revealed during a deposition) as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client, to the extent a designating party in good faith considers such Discovery Material to contain confidential and/or proprietary information not otherwise known or available to the public.

2. With respect to "Discovery Material" that a person has designated as confidential pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

3. Where feasible and not unduly burdensome, the Party or person producing or disclosing Discovery Material ("Producing Party") should designate as Confidential Discovery Material only the portion of such material that it reasonably and in good faith believes is necessary to protect the interests of the client and contains confidential and/or proprietary information not otherwise known or available to the public, including, but not limited to:

   (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

2

{F2775573.1}

 (b) previously non-disclosed material relating to ownership or control of any non-public company;

 (c) previously non-disclosed business plans, product-development information, or marketing plans;

 (d) any information of a personal or intimate nature regarding any individual; or

 (e) any other category of information this Court subsequently affords confidential status.

4.  The following information shall not be designated as Confidential Discovery Material: any information that at the time of its disclosure in this action is part of the public domain or public knowledge by reason of prior publication or otherwise; and any information that after its disclosure in this action has become part of the public domain or public knowledge by reason of prior publication or otherwise through no act, omission, or fault of the receiving party.

5.  Pursuant to and in accordance with Federal Rule of Evidence 502(d), the production of privileged or work-product Discovery Material in this litigation, whether inadvertent or otherwise, is not a waiver of any privilege or protection from discovery in this case or in any other federal or state proceedings. This Protective Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d).

6.  If at any time before the trial of this action a Producing Party realizes that it has inadvertently disclosed Discovery Material which should have been marked as confidential, or is subject to the assertion by the Producing Party of the attorney-client privilege, the attorney work product doctrine, or that the information is otherwise immune for discovery, the Producing Party

may so designate such material by giving notice to any and all prior recipients in writing. Upon receipt of such notice, a receiving party shall (1) not use and immediately cease reviewing or using such information, (2) take reasonable steps to retrieve the Discovery Material from others to which the receiving party disclosed the Discovery Material; (3) destroy or return to the Producing Party the information and all copies thereof in existence within five (5) business days, and (4) confirm destruction and/or return in writing within five (5) business days. No one shall use the fact of production of the Discovery Material to argue that any privilege or protection has been waived. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential, however, this provision is not intended to restrict a party's ability to challenge the designation of such Discovery Material or challenge the assertion of attorney-client privilege, attorney work product protection, or other immunity. To that end, a Party may move to compel the production of the Discovery Material on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the inadvertent production of the Discovery Material. The parties, however, shall meet and confer to try and resolve the dispute before any such motion to compel may be sought.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, such Confidential Discovery Material shall be used only in the prosecution and defense of this case and other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, including their respective officers, directors, managers and employees, their insurers, and counsel to their insurers;

(b) counsel, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter, provided that any such outside counsel who has not entered an appearance in this action must first execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any non-party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

{F2775573.1 }

  (h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

  (i) this Court, including any appellate court, its support personnel, and court reporters.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. With respect to Confidential Discovery Material or the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility; and (b) where only a portion of the Discovery Material has been designated Confidential, producing for future public use another copy of said Discovery Material with the Confidential information redacted.

11. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all

{F2775573.1}

counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

## Filing Under Seal

13. In accordance with paragraph 4(B) of this Court's Individual Practices, any party filing documents under seal must make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal. The party must attach to its letter one full set of the relevant document(s) in highlighted form (i.e., with the words, phrases, or paragraphs to be redacted highlighted).

14. If approval is given for any redactions, the party seeking redaction shall then (1) publicly file any redacted materials; and (2) file the set of unredacted materials or sealed documents with the Sealed Records Department of the Southern District of New York, in accordance with the Department's procedures.

## General Provisions

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms

8

{F2775573.1 }

of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: New York, New York
October 5, 2018

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
Craig S. Mende
David Donahue
Sean F. Harb
4 Times Square, 17th Floor
New York, New York 10036
Tel: (212) 813-5900
Email: cmende@fzlz.com
       ddonahue@fzlz.com
       sharb@fzlz.com

*Attorneys for Plaintiffs*

Dated: New York, New York
October 5, 2018

DILWORTH & BARRESE, LLP

By: _____
Matthew W. Siegal
1000 Woodbury Road, Suite 405
Woodbury, NY 11797
Tel: (516) 228-8484
Email: msiegal@dilworthbarrese.com

*Attorney for Defendants*

SO ORDERED.

Dated: New York, New York
       10/10 , 2018

_____
Paul A. Engelmayer
United States District Judge

10

{F2775573.1}

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KHALED M. KHALED and ATK
ENTERTAINMENT, INC.,

                Plaintiffs,

v.

CURTIS BORDENAVE and BUSINESS
MOVES CONSULTING INC. DBA BUSINESS
MOVES,

                Defendants.

**NON-DISCLOSURE AGREEMENT**

Case No. 18 Civ. 5187 (PAE)

I, _____, acknowledge that I have read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree to comply with and to be bound by all the terms of this Protective Order, and that I will not disclose such Confidential Discovery Material to anyone, except in compliance with the provisions of this Protective Order, and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                      Name: _____
                                                      Dated:

{F2775573.1}