Craig S. Mende
David A. Donahue
Sean F. Harb
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Tel: (212) 813-5900
Fax: (212) 813-5901
Email: cmende@fzlz.com
       ddonahue@fzlz.com
       sharb@fzlz.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHALED M. KHALED and ATK ENTERTAINMENT, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CURTIS BORDENAVE and BUSINESS MOVES CONSULTING INC. DBA BUSINESS MOVES, <br><br> *Defendants*. | ECF CASE <br><br> Docket No. 18-cv-5187 (PAE) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Khaled M. Khaled and ATK Entertainment, Inc. request leave to amend their Complaint to (i) add a claim for cancellation of Defendants' recently issued U.S. Trademark Registration No. 5,623,582 for ASAHD COUTURE, (ii) add allegations concerning additional, recently discovered uses of the mark WE THE BEST by Defendants, and (iii) revise the statutory basis for Plaintiffs' right of publicity claims from New York law to Florida law. Although the deadline to amend the

pleadings pursuant to the Court's scheduling order has passed, Plaintiffs can show good cause to modify the deadline. As set forth below, Plaintiffs only learned of the facts underlying these proposed amendments after the deadline had passed. Once they obtained this new information, Plaintiffs promptly notified Defendants of their intent to amend the Complaint. Moreover, the proposed amendments will not prejudice Defendants, because they arise from the same set of operative facts already alleged in the original Complaint and there are three-and-a-half months left in the discovery period. Defendants have refused to consent. Therefore, Plaintiffs respectfully request that the Court modify the deadline to amend the pleadings and grant its motion for leave to amend.

## STATEMENT OF FACTS

**A.  Plaintiffs' Allegations and Procedural Background**

Plaintiffs filed their Complaint against Defendants Curtis Bordenave and his company Business Moves Consulting Inc. dba Business Moves ("Business Moves") on June 8, 2018, alleging that Defendants have intentionally appropriated and exploited the names and trademarks of Khaled M. Khaled, known popularly as "DJ Khaled," and his eighteen-month-old son, Asahd Tuck Khaled. (Cmplt. ¶¶ 1-5, Dkt. No. 1.) In particular, the Complaint alleges that Defendants have used and applied to register a number of trademarks which trade upon the renown and goodwill of Plaintiffs, and have used Plaintiffs' names and trademarks on social media to direct internet traffic to Defendants' products. (*Id.* ¶¶ 40-53.) On August 13, 2018, Defendants answered the Complaint, denying the salient allegations. (Dkt. No. 18.)

On September 26, 2018, the Court entered a Civil Case Management Plan and Scheduling Order, which set October 26, 2018 as the deadline to amend pleadings and add parties. (Dkt. No. 22.) The Court also ordered that all fact discovery be completed by no later

than January 23, 2019. (*Id.*) Recently, at the parties' request, the Court extended the discovery deadline to April 26, 2019. (Dkt. 32.) Discovery is under way, as both parties have served and responded to each other's interrogatories and requests for production. (Declaration of David A. Donahue in Support of Plaintiffs' Motion for Leave to File an Amended Complaint ("Donahue Decl.") ¶ 6.)

**B.     Proposed Amendment to Complaint**

Plaintiffs seek to amend their Complaint based on information discovered in preparation for a settlement conference held on December 11, 2018 before Magistrate Judge Debra Freeman (the "December 11 Settlement Conference").

First, in the course of preparing for the December 11 Settlement Conference, Plaintiffs learned that on December 4, 2018, the United States Patent and Trademark Office ("USPTO") issued Registration No. 5,623,582 to Business Moves based on its U.S. Application Serial Number 87/529,865 for ASAHD COUTURE. (Donahue Decl. ¶ 2.) Because Business Moves' trademark application did not mature to registration until after Plaintiffs filed the Complaint, the Complaint only alleges that Business Moves applied to register ASAHD COUTURE in U.S. Application Serial No. 87/529,865 and that Defendants' use of the mark ASAHD violates Asahd Tuck Khaled's rights. (Cmplt. ¶¶ 43, 63-67, 87-99.) Now that the registration has issued, Plaintiffs seek to amend the Complaint by adding a claim for cancellation of the registration pursuant to 15 U.S.C. § 1052(a).

Second, although the Complaint alleges that Defendants have improperly used the mark WE THE BEST LIFESTYLE to advertise Defendants' products and services (Cmplt. ¶ 45), Plaintiffs recently learned that Defendants have also repeatedly used additional WE THE BEST formatives, such as #WETHEBEST and #WETHEBESTBRANDS, as hashtags to advertise their

products on social media – notably including a barrage of posts containing such hashtags from November 2018 to January 2019, after the deadline to amend had passed. (Donahue Decl. ¶ 3.) Plaintiffs thus seek to amend the Complaint to include allegations of Defendants' use of these additional WE THE BEST-formative marks.

Finally, in a discussion with Plaintiffs' counsel immediately before the December 11 Settlement Conference began, Defendants' counsel raised an issue as to whether Plaintiffs' right of publicity claims could be maintained under New York State law when neither Plaintiff resides here. (*Id.* ¶ 4.) Since there is no question that Plaintiffs, who reside in Florida, may bring the same claims under Fla. Stat. Ann. § 540.08, Plaintiffs seek to amend their first and second claims for relief to Florida law.

Promptly upon learning these facts, counsel for Plaintiffs notified Defendants' counsel on December 11 that Plaintiffs intended to file an Amended Complaint in the event that the parties failed to resolve the case at the December 11 Settlement Conference. (*Id.* ¶ 5.) On December 21, 2018, Plaintiffs' counsel sent the proposed Amended Complaint to Defendants' counsel and asked whether Defendants would consent to its filing. (*Id.*) On January 3, 2019, counsel for Plaintiffs further requested that Defendants consent to an extension of the parties' deadline to amend the pleadings. (*Id.*) Last week, Defendants denied both requests, without explanation, thereby necessitating this motion. (*Id.*)

A copy of Plaintiffs' proposed Amended Complaint is attached hereto as <u>Exhibit A</u>, and a copy of a redline showing the proposed changes in the Amended Complaint is attached hereto as <u>Exhibit B</u>.

# ARGUMENT

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(2) provides in pertinent part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, where, as here, a scheduling order governs amendments to the complaint "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (citation and internal quotation marks omitted). Rule 16(b) "provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007). In determining good cause, a district court considers "whether the moving party can demonstrate diligence," and may consider other relevant factors "including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.* at 244.

**A.    Plaintiffs Have Good Cause to Modify the Scheduling Order**

   **1.    Plaintiffs Were Diligent in Seeking Leave to Amend Their Complaint**

Plaintiffs have been diligent in seeking leave to amend their Complaint. The USPTO issued Registration No. 5,623,582 to Business Moves just last month. As such, Plaintiffs could not possibly have included a claim to cancel Registration No. 5,623,582 in the original Complaint or in an amendment to the Complaint before the October 26 deadline to amend had passed. Moreover, Plaintiffs did not learn that Defendants were using additional WE THE BEST-formative marks or that Defendants would question the applicability of Plaintiffs' right of

publicity claims under New York law until the December 11 Settlement Conference. Within two weeks of learning these facts, Plaintiffs' counsel notified Defendants of Plaintiffs' intent to amend the Complaint and sent Defendants' counsel a copy of the proposed Amended Complaint. (Donahue Decl. ¶ 5.) Plaintiffs therefore acted diligently in seeking to amend. *See Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 456, 458 (S.D.N.Y. 2012) (Engelmayer, J.) (finding plaintiff acted diligently in moving to add claim to complaint approximately two months after learning of underlying facts); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 360-61 (S.D.N.Y. 2014) (Engelmayer, J.) (finding that plaintiffs were sufficiently diligent in moving to add claim approximately four months after learning of underlying facts, since plaintiffs raised the facts with defendants and the Court within a month of learning of them).

        **2.**      **Amendment Will Not Cause Undue Prejudice**

There also will be no undue prejudice to Defendants should the Court allow Plaintiffs to file their Amended Complaint. Among the factors courts consider when assessing prejudice are whether the proposed amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (citation omitted). Neither of these factors are implicated by Plaintiffs' motion.

First, Plaintiffs' proposed amendments will not require Defendants to expend significant additional resources, because the amendments will not require any additional discovery. The addition of a claim to cancel Business Moves' trademark registration is premised upon allegations that are already in the original Complaint, namely that that the mark falsely suggests a connection to Asahd Tuck Khaled and it comprises a name identifying a particular living

individual. (Cmpl. ¶¶ 40-45.) Moreover, the relief sought in connection with this claim—cancellation of the registration—is consistent with the relief Plaintiffs sought in connection with the application that led to the registration. (*See id.* at 25-26 (seeking order directing Defendants to withdraw the application).)

With respect to the proposed allegations regarding Defendants' use of additional WE THE BEST-formative marks, the Complaint also already demands that Defendants be enjoined from using "the WE THE BEST mark *or any colorable imitation thereof*, including, *without limitation*, WE THE BEST LIFESTYLE." (*Id.* at 23.) Indeed, discovery in this case has not been limited to Defendants' use of WE THE BEST LIFESTYLE, but has encompassed any use of WE THE BEST by Defendants. (Donahue Decl. ¶ 6.)

Finally, the factual allegations that Plaintiffs propose pleading in support of their claims for right of publicity violations under Florida law are substantively identical to those alleged in support of their right of privacy claims under New York law. (*See* Ex. B ¶¶ 63-72.)

Because each of the proposed amendments arise from the same set of operative facts alleged in the original Complaint, they will not meaningfully change the discovery or preparation necessary for trial. *See Goureau v. Goureau*, 12-CV-6443 (PAE), 2013 WL 1499404, at *2-3 (S.D.N.Y. Apr. 10, 2013) (Engelmayer, J.) (finding good cause in part because "it does not appear that plaintiffs' proposed revisions to their pleadings broaden the scope of the factual issues at hand," and therefore, they should not "necessitate any change in the scope, nature, or timing of discovery"); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 08-CV-9116 (PGG), 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (granting motion to amend where "the legal issues raised by the proposed amendment . . . overlap considerably with . . . the original claims").

Second, the amendments will not delay resolution of the dispute. The parties have already provided written responses to each other's discovery requests, and as stated above, no additional discovery should be necessary. Even if additional discovery is needed, the discovery deadline has been extended until April 26, 2019, which gives the parties another three-and-a-half months to complete discovery. (Dkt. No. 32.) Under such circumstances, courts have found that there is no undue prejudice to the party opposing the motion to amend. *See, e.g.*, *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (granting leave to amend complaint after finding no prejudice where trial date had not been set, discovery had not been completed, and claims against new defendants did "not raise factual claims unrelated to the events in [the] original third-party complaint").

**B.      Leave to Amend Under Rule 15(a) Is Appropriate**

Upon finding that good cause exists to modify the scheduling order, the Court may apply the more lenient standard for granting leave to amend under Rule 15(a). *See PNC Bank, Nat'l Ass'n v. Wolters Kluwer Fin. Servs., Inc.*, 73 F. Supp. 3d 358, 376-77 (S.D.N.Y. 2014). The Second Circuit has explained that the standard for leave to amend pleadings is permissive, which is consistent with the strong preference for resolving disputes on the merits. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasizing that amendment should normally be permitted, and refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules"). Accordingly, district courts generally grant leave to amend pleadings unless there is a substantial reason not to do so, such as excessive delay, bad faith, prejudice to the opposing party, or futility. *See VoiceAge Corp. v. RealNetworks, Inc.*, 926 F. Supp. 2d 524, 528 (S.D.N.Y. 2013) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

In light of Plaintiffs' diligence in moving to amend, Defendants cannot argue that Plaintiffs unduly delayed or acted in bad faith. *See also A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 316 (S.D.N.Y. 2014) (finding no delay where party learned facts underlying the amendment four months prior to seeking leave to amend); *Am. Med. Ass'n v. United Healthcare Corp.*, 00-CV-2800 (LMM), 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006) (finding no delay where party moved to amend several months after learning relevant facts in discovery). Nor, as noted above, can Defendants argue that the amendments would cause them prejudice. This leaves futility as a ground to deny leave to amend.

An amendment is futile if it "'fails to state a legally cognizable claim or fails to raise triable issues of fact.'" *Schoolcraft v. City of New York*, 10-CV-6005 (RWS), 2012 WL 3960118, at *3 (S.D.N.Y. Sept. 10, 2012) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010)). Here, Plaintiffs' proposed cancellation claim and revised right of publicity claims are supported by the same well-pleaded allegations contained in the original Complaint. Plaintiffs' proposed amendments therefore state legally cognizable claims against Defendants.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that they be granted leave to file the Amended Complaint attached as Exhibit A hereto.

Dated: January 9, 2019                                    FROSS ZELNICK LEHRMAN & ZISSU, P.C.

                                                By:  /s/ David A. Donahue
                                                    Craig S. Mende
                                                    David A. Donahue
                                                    Sean F. Harb
                                               4 Times Square, 17th Floor
                                               New York, NY 10036
                                               Phone: (212) 813-5900
                                               Email: cmende@fzlz.com
                                                         ddonahue@fzlz.com
                                                         sharb@fzlz.com

                                               *Attorneys for Plaintiffs Khaled M. Khaled and ATK Entertainment, Inc.*