UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALED M. KHALED and ATK ENTERTAINMENT, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CURTIS BORDENAVE and BUSINESS MOVES CONSULTING INC. DBA BUSINESS MOVES,<br><br>*Defendants*. | ECF CASE<br><br>Docket No. 18-cv-5187 (PAE) |

**DECLARATION OF DAVID A. DONAHUE IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

David A. Donahue declares under penalty of perjury as follows:

1. I am a partner of the law firm Fross Zelnick Lehrman & Zissu, P.C. ("Fross Zelnick"), and counsel for Plaintiffs Khaled M. Khaled and ATK Entertainment, Inc. ("Plaintiffs") in the above-captioned civil action. I submit this declaration in support of Plaintiffs' Motion for Leave to File an Amended Complaint. I make this declaration based on my personal knowledge of the facts and circumstances set forth herein and on my review of Fross Zelnick's files and the docket in this matter.

2. In the course of preparing for a settlement conference held on December 11, 2018 before Magistrate Judge Debra Freeman (the "December 11 Settlement Conference"), we learned that on December 4, 2018, the United States Patent and Trademark Office ("USPTO") issued Registration No. 5,623,582 to Business Moves Consulting Inc. dba Business Moves based on its U.S. Application Serial Number 87/529,865 for ASAHD COUTURE.

{F2888005.2 }

3. We also learned while preparing for the December 11 Settlement Conference that in addition to improperly using the mark WE THE BEST LIFESTYLE to advertise Defendants' products and services, Defendants have also repeatedly used additional WE THE BEST formatives, such as #WETHEBEST and #WETHEBESTBRANDS, as hashtags to advertise their products on social media. These uses include a series of posts containing such hashtags from November 2018 to January 2019, after the October 26, 2018 deadline to amend had passed.

4. In a discussion with me immediately before the December 11 Settlement Conference began, Defendants' counsel, Matthew Siegal, raised an issue as to whether Plaintiffs' right of publicity claims could be maintained under New York State law when neither Plaintiff resides in New York.

5. Promptly upon learning the above facts, I notified Mr. Siegal on December 11 that Plaintiffs intended to file an Amended Complaint in the event that the parties failed to resolve the case at the settlement conference. On December 21, 2018, I sent the proposed Amended Complaint to Mr. Siegal and asked whether Defendants would consent to its filing. On January 3, 2019, I further requested that Defendants consent to an extension of the parties' deadline to amend the pleadings. Last week, on January 4, 2019, Mr. Siegal denied both requests, without explanation, thereby necessitating this motion.

6. Discovery is under way, as both parties have served and responded to each other's interrogatories and requests for production. The discovery in this case has not been limited to Defendants' use of WE THE BEST LIFESTYLE, but has encompassed any use of WE THE BEST by Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of January 2019 at New York, New York.

                                                /s/ David A. Donahue
                                                  David A. Donahue

{F2888005.2 }