Matthew W. Siegal
Dilworth & Barrese
Attorney for Defendants
1000 Woodbury Road, Suite 405
Woodbury, New York 11797
Tel. (516) 228-8484
Fax (516) 228-8516
msiegal@dilworthbarrese.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KHALED M. KHALED and ATK ENTERTAINMENT,
INC.,

                     Plaintiffs,        Case No: 18-cv-05187 (PAE)(DCF)

    - against –

CURTIS BORDENAVE and BUSINESS MOVES
CONSULTING INC. d/b/a BUSINESS MOVES,

                     Defendants.
------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO WITHDRAW AS COUNSEL OF RECORD**

**PRELIMINARY STATEMENT**

Dilworth & Barrese, LLP ("D&B") and Westerman Ball Ederer Miller Zucker & Sharfstein LLP ("WBEMZS"), jointly respectfully submit this memorandum of law in support of their motion to withdraw as counsel of record for defendant Curtis Bourdenave ("Bourdenave").

As set forth below, this motion is straightforward. Bourdenave has terminated D&B and WBEMZS as his counsel without cause. Therefore, under both the New York Rules of Professional Conduct and controlling case law from the courts in the Second Circuit, the withdrawal of D&B and WBEMZS is not only proper, but mandatory.

**LEGAL ARGUMENT**

**WITHDRAWAL MOTION SHOULD BE GRANTED**

A. **Bourdenave has Terminated Dilworth Without Cause**

On December 12, 2018, following an unsuccessful settlement conference which took place the prior day, December 11, 2018 before Magistrate Judge Freeman, Bourdenave sent an email terminating the services of D&B and WBEMZS and indicated that he did not want to be represented by the same firm also representing Business Moves. This termination has been reiterated in subsequent correspondence from Mr. Bourdenave, who indicates he chooses to proceed *pro se* at this time.[1] Mr. Bourdenave of course, has had the right to do so and neither D&B nor WBEMZS have objected. Nor has Plaintiffs' counsel, who was advised of this, raised any objection.

"Under New York law, a client has an absolute right to terminate the attorney-client relationship at any time, with or without cause." *Simon v. Umm Group*, No. 07 Civ. 11426, 2010 WL 2541145, at *1 (S.D.N.Y June 23, 2010) (citing *Cohen v. Grainger, Tesoriero & Bell,* 81

---

[1] In the interest of attorney-client privilege, the email from Bourdenave is not attached hereto but can be made available at the request of the Court for *in-camera* review.

2

N.Y.2d 655, 658, 602 N.Y.S.2d 788, 789 (1993)), *aff;d*, No. 10-3163-CV, 2011 WL 6091681 (2d Cir. Dec 8, 2011).

Mr. Bourdenave's discharge requires our firm's withdrawal from the case. Indeed, New York Rule of Professional Conduct 1.16(b)(3) states that "a lawyer shall withdraw from the representation of a client when . . . the lawyer is discharged." "This Rule governs the conduct of attorneys in federal courts sitting in New York as well as in new state courts." *Callaway Golf Co. v. Corporate Trade Inc.,* No. 10 Civ. 1676, 2011 WL 2899192, at *2 (S.D.N.Y. July 6, 2011).

"Thus, when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances." *Id.* (internal quotation marks and citation omitted) (granting motion to withdraw because "Mr. Egan does not deny having fired Mr. Mall and Mr. Gleason, and he makes no objection to their withdrawal."). *See also Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 Civ. 3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999) ("While Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances. The Court's failure to issue an order would, in effect, cause the formation of a new contract for representation.") Respectfully, the withdrawal of D&B and WBEMZS is clearly mandated here.

### B. No Party Will be Prejudiced By Dilworth's Withdrawal

In addition, no party will suffer any undue prejudice from the withdrawal of defense counsel for Mr. Bourdenace.

This case is still in its early stages. Plaintiff's motion for leave to amend its complaint was filed on January 9, 2019 and is currently pending. Preliminary written discovery has been exchanged but document production remains open and depositions have not yet been scheduled.

The present Stipulated Case Management and Scheduling Order (Dkt. No. 32), which was approved by the court on January 7, 2019, provides for a deadline for all fact discovery and depositions is April 26, 2019, requests to admit to be served by March 8, 2019, expert discovery due on June 10, 2019, and a Case Management Conference is currently set for May 20, 2019.

Respectfully, allowing D&B and WBEMZS to withdraw at this stage will not unduly delay this case.

## **CONCLUSION**

D&B and WBEMZS respectfully request that the Court grant each leave to immediately withdraw as counsel of record for defendant Bourdenave in this action pursuant to Local Civil Rule 1.4, and grant such other and further relief as the Court deems just and proper.

Dated: January 18, 2019
      Woodbury, New York

                Respectfully submitted,

                DILWORTH & BARRESE LLP

                By:    *Matthew W. Siegal*/s
                         Matthew W. Siegal, Esq.
                         1000 Woodbury Road, Suite 405
                         Woodbury, New York 11797
                         *Attorney for Defendants*

5

        WESTERMAN BALL EDERER MILLER
        ZUCKER & SHARFSTEIN, LLP

By:     _____*Philip J. Campisi Jr./s*_
            Philip J. Campisi Jr., Esq.
            1201 RXR Plaza
            Uniondale, New York 11556
            (516) 622-9200

5