Craig S. Mende
David A. Donahue
Sean F. Harb
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, 17th Floor
New York, New York 10036
Tel:  (212) 813-5900
Fax:  (212) 813-5901
Email: cmende@fzlz.com
       ddonahue@fzlz.com
       sharb@fzlz.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHALED M. KHALED and ATK ENTERTAINMENT, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CURTIS BORDENAVE and BUSINESS MOVES CONSULTING INC. DBA BUSINESS MOVES,<br><br>*Defendants*. | ECF CASE<br><br>Docket No. 18-cv-5187 (PAE) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs Khaled M. Khaled and ATK Entertainment, Inc. submit this reply brief in support of their motion for leave to amend their Complaint to (i) add a claim for cancellation of Defendants' recently issued U.S. Trademark Registration No. 5,623,582 for ASAHD COUTURE, (ii) add allegations concerning additional, recently made and discovered uses of the mark WE THE BEST by Defendants, and (iii) revise the statutory basis for Plaintiffs' right of publicity claims from New York law to Florida law.

**PRELIMINARY STATEMENT**

In its opposition to Plaintiffs' Motion to Amend, Defendant Business Moves Consulting Inc. dba Business Moves ("Business Moves")[1] does not dispute that:

- The United States Patent and Trademark Office ("USPTO") issued Business Moves Registration No. 5,623,582 for ASAHD COUTURE after the deadline to amend had passed;

- Defendants used additional WE THE BEST-formative marks after the Complaint was filed and in some cases after the deadline to amend had passed;

- Plaintiffs did not learn of Defendants' use of additional WE THE BEST-formative marks or of Defendants' intention to challenge the statutory basis of Plaintiffs' right of publicity claims until after the deadline to amend had passed;

- Within two weeks of learning the facts underlying the proposed amendments, Plaintiffs' counsel sent Defendants' counsel a copy of the proposed Amended Complaint; and

- Plaintiffs' proposed amendments will not prejudice Defendants by changing the discovery or preparation necessary for trial or by delaying resolution of the dispute.

These concessions compel a finding that good cause exists to modify the deadline to amend and that leave to amend should be granted.  Business Moves' arguments against amendment are intended to distract the Court from these concessions and should be rejected.

**ARGUMENT**

**A.    Plaintiffs Were Diligent in Seeking Leave to Amend Their Complaint**

To determine whether there is good cause to modify a scheduling order under Rule 16(b), district courts consider "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007).  Business Moves asserts that Plaintiffs "have not even discussed their diligence."  (Defendant Business Moves' Memorandum of Law in Opposition to Plaintiffs' Motion to File an Amended Complaint ("Opp.") at 4.)  But Plaintiffs' opening brief details their diligence with respect to each amendment they are seeking.

---

[1] Defendant Curtis Bordenave has not opposed Plaintiffs' Motion to Amend.

(Memorandum of Law in Support of Plaintiffs' Motion for Leave to File an Amended Complaint ("Br.") at 5-6.)

As to Plaintiffs' claim to cancel Registration No. 5,623,582, Plaintiffs explained that the claim could not be included in the Complaint prior to the November 19 deadline to amend[2] because the USPTO did not issue the registration until December 4, 2018.  (Br. at 5.)  Business Moves has responded by claiming that "the need for action [against the registration] could have been described in the Complaint before the deadline expired." (Opp. at 1.)  Yet it is unclear what "need for action" Business Moves believes Plaintiffs should have described.  In the original Complaint, Plaintiffs requested that the Court order Defendants to withdraw the trademark application.  (Cmplt. at 25-26, Dkt. No. 1.)  At that time, Plaintiffs could not have asked the Court to instruct the USPTO to deny registration of the application because federal courts are "without statutory authority to . . . direct the PTO's disposition of . . . pending trademark applications."  *See Johnny Blastoff Inc. v. L.A. Rams Football Co.*, 48 U.S.P.Q.2d 1385, 1393-94 (W.D. Wis. 1998).  Plaintiffs therefore could not seek any further action against the application until now, after the registration issued.

Business Moves also asserts that "action by Plaintiffs against the newly issued trademark registration could have and should have been initiated in the Patent and Trademark Office before the deadline [to amend] expired." (Opp. at 1.)  But Business Moves does not offer any explanation, or legal authority, to support its contention that Plaintiffs had an obligation to take action in the USPTO before seeking to amend their Complaint.  Indeed, it is unclear why Business Moves believes the purported opportunity to bring an entirely separate (and completely

---

[2] In their opening brief, Plaintiffs mistakenly stated that the deadline to amend was October 26, 2018.  The Court extended the October 26 deadline to November 19, 2018.  The change in deadline does not affect any of Plaintiffs' arguments set forth in their moving papers.

duplicative) administrative proceeding would relate to how diligent Plaintiffs were in amending their Complaint in federal court.  In any case, where, as here, a trademark applicant's application is filed under Section 1(b) of the Lanham act, 15 U.S.C. § 1051(b) based on the applicant's intention to use the mark, once the USPTO issues a Notice of Allowance, no further action against the application is permitted by the USPTO until a trademark registration issues.  Thus, no action in the USPTO was available to Plaintiffs from the filing of the Complaint until the registration issued on December 4, 2018, after the deadline to amend had passed.

      Business Moves next questions Plaintiffs' diligence in adding allegations of Defendants' use of additional WE THE BEST-formative marks.  (Opp. at 5-7.)  As Plaintiffs explained in their opening brief, these uses occurred in November 2018 through January 2019, long after the Complaint was filed and, in some cases, after the deadline to amend had passed.  (Br. at 3-4.)  Indeed, the only Instagram post that Plaintiffs added to the proposed Amended Complaint as an example of Defendants' use of additional WE THE BEST-formative marks is dated November 20, 2018, the day after the deadline had passed.  (Br., Ex. B ¶ 45.)  Business Moves itself does not dispute that in addition to WE THE BEST LIFESTYLE, Defendants repeatedly used additional WE THE BEST formatives, such as #WETHEBEST and #WETHEBESTBRANDS, between November 2018 and January 2019.  (Br. at 3-4.)  Nor do they dispute that Plaintiffs exercised diligence in seeking Defendants' permission to amend the Complaint to add allegations of these uses almost immediately after discovering them.

      Instead of acknowledging that Plaintiffs were diligent in seeking to add allegations of these additional uses, Business Moves has falsely characterized Plaintiffs' proposed amendments as "the new inclusion of hashtag use into all of [Plaintiffs'] trademark infringement allegations [that] could have been made in the original complaint."  (Opp. at 3.)  Yet the original Complaint

already alleges that Defendants used hashtags to infringe Plaintiffs' trademarks. (Cmplt. ¶ 45.) Plaintiffs are not seeking to add allegations concerning Defendants' use of hashtags, they are seeking to add allegations of Defendants' use of additional variations of the phrase WE THE BEST.

Business Moves states that only the fourth claim for relief in the original Complaint asserts trademark liability in connection with Defendants' use of hashtags. This is apparently because the word "hashtag" is not used in the paragraphs that immediately follow the headings for Plaintiffs' other trademark-related claims for relief. But allegations of Defendants' hashtag use are included in the body of the Complaint, which serve as the basis for each of Plaintiffs' claims. Indeed, those allegations are repeated and realleged with respect to each of Plaintiffs' trademark-related claims for relief. Thus the proposed Amended Complaint does not "seek[] to introduce hashtag usage into the third, fifth and sixth claims for relief," as Defendants assert.

Finally, Business Moves asserts that Plaintiffs were not diligent in seeking to amend the statutory basis of Plaintiffs' right of publicity claims, because Plaintiffs knew when the Complaint was filed that Asahd Tuck Khaled is a Florida resident and ATK Entertainment, Inc. is a Florida corporation.[3] (Opp. at 1, 5.) Business Moves does not dispute, however, that Plaintiffs did not learn that Defendants intended to challenge the statutory basis for Plaintiffs' right of publicity claims until after the deadline to amend had passed. Within two weeks of learning of Defendants' intention to challenge those claims, Plaintiffs' counsel notified Defendants of Plaintiffs' intent to amend them. *See Perfect Pearl Co. v. Majestic Pearl & Stone,*

---

[3] Business Moves also strangely asserts that the Complaint's right of privacy claims are the only connection this action has to New York. However, Plaintiffs' fifth and sixth claims for relief are brought under New York law. (Cmplt. ¶¶ 90, 97.) Moreover, Plaintiffs' seventh claim for relief is based on allegations of Defendants' defamatory statements about ATK Entertainment, Inc. to Haddad Brands, a company located in New York. (*Id.* ¶¶ 54-57.)

{F2910088.5 }                                                   5

*Inc.*, 889 F. Supp. 2d 453, 456, 458 (S.D.N.Y. 2012) (Engelmayer, J.) (finding plaintiff acted diligently in moving to add claim to complaint approximately two months after learning of underlying facts); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 360-61 (S.D.N.Y. 2014) (Engelmayer, J.) (finding that plaintiffs were sufficiently diligent in moving to add claim approximately four months after learning of underlying facts, since plaintiffs raised the facts with defendants and the Court within a month of learning of them). Plaintiffs therefore acted diligently in seeking to amend.[4]

**B.       Plaintiffs' Proposed Amendments Will Not Prejudice Defendants**

Business Moves argues, without citing any legal authority, that the Court should not assess the issue of prejudice until after it determines that Plaintiffs were diligent. (Opp. at 9.) This argument directly contradicts Second Circuit law, which provides that diligence "is not . . . the only consideration," as district courts may also consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244. Business Moves' desire to downplay prejudice as a factor is understandable, given that the proposed amendments would not prejudice Defendants in any way. Among the factors courts consider when assessing prejudice are whether the proposed amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (citation omitted). As stated in Plainitffs' opening brief, the amendments will not affect the discovery or preparation necessary for trial for either party or delay the resolution of the dispute. (Br. at 6-8.) Business Moves does not dispute this point.

---

[4] Further, had Defendants raised the issue in a motion to dismiss or in the parties' joint letter to the Court dated September 20, 2018, in which Defendants stated that they "are not currently contemplating any specific motions," Plaintiffs would have been able to amend the Complaint much earlier. Defendants should not be rewarded for their tactical delay in raising the issue.

Rather, Business Moves claims that it would be prejudiced by amendment because the amendments resulted from information Plaintiffs' counsel learned during a settlement conference. (Opp. at 9.) According to Business Moves, permitting amendment at this stage of the litigation would have a "chilling effect on efforts to settle litigation." (*Id.*) However, not a single fact underlying the proposed amendments was learned during the December 11 settlement conference with the Court. (Donahue Decl. ¶¶ 2-4.) Rather, Plaintiffs' counsel learned of the facts underlying the amendments in their fact investigation *before* the settlement conference and in a conversation with Defendants' counsel *before* the settlement conference. Business Moves' concern of a "chilling effect" on settlement discussions is therefore unfounded.

## C.  Plaintiffs' Amendments Are Not Futile

Finally, Business Moves makes the meritless claim that Plaintiffs' proposed amendments are futile because "Plaintiffs have not shown that [Defendants'] hashtag uses are trademark infringements." This argument is a red herring. As described above, *see supra* at 4-5, the original Complaint already alleges Defendants' infringement involved the use of hashtags. Thus hashtag use as a ground for trademark infringement is not a change that is subject to the Court's futility analysis. *See Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*, 08-CV-3810 (RJS), 2011 WL 2226625, at *10 (S.D.N.Y. June 1, 2011) ("Leave to amend may be denied as futile if *the proposed changes* fail to state a claim on which relief can be granted." (emphasis added) (citation and internal quotation marks omitted)).

Even assuming hashtag use was alleged for the first time in the proposed Amended Complaint, it is not Plaintiffs' burden to demonstrate a lack of futility. Rather, "[t]he party *opposing the amendment* has the burden of demonstrating that a proposed amendment *would be* futile." *Max Impact, LLC v. Sherwood Grp., Inc.*, 09-CV-0902 (LMM)(HBP), 2012 WL

3831535, at *1 (S.D.N.Y. Aug. 16, 2012) (emphasis added) (citing *Staskowski v. Cnty. of Nassau*, 05-CV-5984 (SJF)(WDW), 2007 WL 4198341, at *4 (E.D.N.Y. Nov. 21, 2007)). Defendants have not carried their burden.

First, several district courts have expressly found that hashtag use is a valid basis for trademark infringement claims. *Chanel, Inc. v. WGACA, LLC*, 18-CV-2253 (LLS), 2018 WL 4440507, at *2 (S.D.N.Y. Sept. 14, 2018) ("Chanel's amended complaint plausibly alleges that WGACA's use of the hashtag #WGACACHANEL infringes Chanel's trademarks."); *Pub. Impact, LLC v. Bos. Consulting Grp., Inc.*, 169 F. Supp. 3d 278, 294-95 (D. Mass. 2016) (finding use of the hashtag "#publicimpact" was likely to infringe the plaintiff's "Public Impact" trademark); *Fraternity Collection, LLC v. Fargnoli*, 13-CV-0664 (CWR), 2015 WL 1486375, at *5-6 (S.D. Miss. Mar. 31, 2015) (finding designer's use of plaintiff's "FRATERNITY COLLECTION" trademark in the hashtags "#fratcollection and #fraternitycollection" could deceive consumers).

Second, while Business moves states its biased belief that consumers are not likely to be confused by Defendants' use of hashtags, consumer perception is a question of fact ill-suited for determination at the pleadings stage. *Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, 12-CV-5105 (NRB), 2014 WL 3950897, at *8 (S.D.N.Y. Aug. 13, 2014) (citing *Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 215 (2d Cir. 2003)).  Therefore, even if Plaintiffs were proposing to add hashtag use as a basis for infringement for the first time—which they are not—Defendants have not and cannot demonstrate that such allegations would be futile.

### D.  Allowing Amendment Would Serve Judicial Efficiency

Plaintiffs finally note that the Court may consider "other relevant factors," such as judicial efficiency, to evaluate Plaintiffs' motion. *See Kassner*, 496 F.3d at 244; *A.V.E.L.A., Inc.*

*v. Estate of Monroe*, 34 F. Supp. 3d 311, 318-19 (S.D.N.Y. 2014) (finding judicial efficiency weighed in favor of allowing amendment). Under the proposed amendments, nearly the same claims arising from the same course of conduct are being asserted against the same defendants. If Plaintiffs' motion is not granted, Plaintiffs would be entitled to file new actions based on Defendants' violation of Florida's right of publicity statute, as well as Defendants' infringing conduct occurring after the date the Complaint was filed, including its improper use of additional WE THE BEST-formative marks. *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) ("[A]fter the first suit is underway, . . . a plaintiff may—but is not required to—file a supplemental pleading setting forth defendant's subsequent conduct. Plaintiff's failure to supplement the pleadings of his already commenced lawsuit will not result in a res judicata bar when he alleges defendant's later conduct as a cause of action in a second suit."). Plaintiffs also would be entitled to file a petition to cancel Business Moves' registration for ASAHD COUTURE before the Trademark Trial and Appeal Board of the USPTO. *See* 15 U.S.C. § 1064(1) (petition to cancel registration may be filed within five years of date of registration). It would be a waste of judicial and administrative resources to require Plaintiffs to file entirely separate actions for post-Complaint conduct, especially when it would not be prejudicial to Defendants to allow amendment at this relatively early stage of the litigation.

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' moving papers, Plaintiffs respectfully request that they be granted leave to file the proposed Amended Complaint.

Dated:   January 30, 2019               FROSS ZELNICK LEHRMAN & ZISSU, P.C.


                                        By:    /s/ David A. Donahue
                                            Craig S. Mende
                                            David A. Donahue
                                            Sean F. Harb
                                        4 Times Square, 17th Floor
                                        New York, NY  10036
                                        Phone:  (212) 813-5900
                                        Email:  cmende@fzlz.com
                                                ddonahue@fzlz.com
                                                sharb@fzlz.com

                                        *Attorneys for Plaintiffs Khaled M. Khaled and ATK Entertainment, Inc.*

## **CERTIFICATE OF SERVICE**

 The undersigned counsel for Plaintiffs hereby certifies that on this 30th day of January, 2019, a copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** was served by mail on Defendant Curtis Bordenave at the following address:

  Curtis P. Bordenave
  19251 Preston Road #2301
  Dallas, TX 75252


         /s/ Sean F. Harb
         Sean F. Harb