

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806        www.pryorcashman.com

**Perry Amsellem**
Partner

Direct Tel: 212-326-0119
Direct Fax: 212-798-6315
pamsellem@PRYORCASHMAN.com

May 21, 2019

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 2201
New York, NY  10007

Re:   **Khaled *et al.* v. Bordenave *et al.*, No. 18 Civ. 5187 (PAE) (DF)**

Dear Judge Engelmayer:

    We are counsel to Plaintiffs in the above-referenced matter.  We write to respectfully request the Court's continued assistance in compelling Defendants to comply with their discovery obligations without further delay. Plaintiffs deposed defendant Curtis Bordenave in Jackson, Mississippi on May 16th and 17th, in which Mr. Bordenave sat as both the 30(b)(6) witness for Defendant Business Moves Consulting, Inc. ("Business Moves"), and in his individual capacity.

    The sworn record demonstrates that Defendant Business Moves has 1) failed to produce a 30(b)(6) witness with knowledge of the most basic facts as outlined in the 30(b)(6) Notice of Deposition ("Notice"), and 2) withheld a swath of responsive documents that Mr. Bordenave testified exist and are within Defendants' possession, custody, or control.

    By way of example and without limitation, Mr. Bordenave was woefully unprepared to answer questions concerning numerous topics outlined in the Notice, including:

- All facts establishing the first use in commerce of any mark that allegedly infringes Plaintiffs' trademarks or violates Plaintiffs' rights of publicity ("Infringing Marks"), along with Defendants' alleged uses of the Infringing Marks in interstate commerce;
- All facts concerning when and how Defendant Business Moves became aware of the existence of Asahd Tuck Khaled;
- All facts concerning when and how Defendant Business Moves became aware of the existence of DJ Khaled;
- Defendants' target consumers; and

3805209 v6
29187.00001

**PRYOR CASHMAN LLP**

Hon. Paul A. Engelmayer
May 21, 2019
Page 2

- The manufacture, sale and distribution of any goods bearing any Infringing Mark ("Defendants' Goods").[1]

It is well-settled that a corporate defendant is "obligated to prepare [its] Rule 30(b)(6) witness so that he may give knowledgeable answers"; "[p]roducing an unprepared witness is tantamount to failure to appear." *Bush v. Element Fin. Corp.*, No. 16-CV-1007 (RJS), 2016 WL 8814347, at *2–3 (S.D.N.Y. Dec. 13, 2016) (internal citations and quotations omitted).[2] Having failed to do so, Business Moves is obligated to prepare 30(b)(6) witnesses to address all topics in Plaintiffs' Notice that were not adequately addressed by Mr. Bordenave. *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, No. 10-cv-1391 (LGS) (JCF), 2013 WL 1286078, at *5 (S.D.N.Y. Mar. 28, 2013).

During his deposition, Mr. Bordenave repeatedly stated that Mack Pampley and Derrick Smith are the persons with knowledge about material topics, including, without limitation, the manufacture, sale and distribution of Defendants' Goods.[3] Accordingly, on Friday, May 17th following the incomplete deposition of Business Moves' 30(b)(6) witness, we wrote to Defendant Business Moves' counsel to inform them that the deposition of Mr. Pampley (which had previously been scheduled for May 17th but could not be taken given the necessary extension of Mr. Bordenave's deposition) would be required, along with that of Mr. Derick Smith. To expedite discovery and comply with the Court's deadline, Plaintiffs offered to **not** depose the four additional

---

[1] For instance, Mr. Bordenave testified that he: does not know Business Moves' address (Tr. 35:1-4); does not know the name or location of the company from which Business Moves ordered leather patches bearing the A.S.A.H.D. A Son and His Dad logo (Tr. 74:13-76:25); does not know the name of the companies from which Business Moves purchases products sold under the ASAHD COUTURE logo (Tr. 170:12-14, 211:14-25); does not know whether Business Moves has sold fragrance under the ASAHD COUTURE logo (Tr. 198:3-6); has spoken to people related to the manufacture of Class 3 goods sold under the ASAHD COUTURE logo but does not recall their names (Tr. 207:6-209:23); does not have information about manufacture or sales of fragrances sold under the ASAHD COUTURE logo (226:11-23); does not know if Business Moves filed a tax return for 2017 (Tr. 250:13-23); is unsure of his title in the company (Tr. 252:15-20); does not know Business Moves' profits or revenue for 2017 (Tr. 253:2-255:4). He further testified, "We're dealing with multiple marks of Asahd, and – and so it's all – all mixed up, and that's why I just refer to the documentation that is – is really more accurate than me." (Tr. 189:16-19.) However, as Mr. Bordenave knows, he is referring to documentation that has not been produced and which Plaintiffs have not seen.

[2] Plaintiffs also intend to move for sanctions at the close of fact discovery as a result of Defendants' failure to comply with their discovery obligations. *See Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07 CIV. 930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) (ordering that corporate defendant that produced unprepared 30(b)(6) witness bear all costs associated with the deposition and the motion for sanctions); *Bush*, 2016 WL 8814347, at *3 (ordering defendant to pay all costs associated with its failure to prepare its 30(b)(6) witness, including reasonable costs incurred in connection with drafting a letter to the Court, and with preparing for and traveling to any additional 30(b)(6) depositions necessitated by its noncompliance with Rule 30(b)(6).)

[3] Business Moves testified that Mr. Smith is key:"[h]e's definitely the person we would use to manufacture products, shirts, haircare products, lotion, hair conditioners, hair creams, beard oils, t-shirts, hats, anything like that. He produces all that kind of stuff for us." (Tr. 79:8-16); he manufactured products bearing the ASAHD COUTURE logo (Tr. 80:6-12, 214:9-21); he has information regarding the manufacture of products bearing the ASAHD COUTURE logo (Tr. 176:21-25); he deals directly with the companies from which Business Moves purchases products (Tr. 210:9-211:3).

**PRYOR CASHMAN LLP**

Hon. Paul A. Engelmayer
May 21, 2019
Page 3

witnesses Your Honor ordered that Defendants make available (Dkt. No. 69), provided that Defendants produce Messrs. Smith and Pampley on May 23rd, or on May 28th and 29th for successive depositions. We requested a response by Tuesday, May 21st. As of this writing, Business Moves' counsel has not provided dates for either Mr. Pampley or Mr. Smith, despite our conference call with counsel today before noon and my call to him at about 5:30 PM.

Because Defendants' document production is devoid of the most basic information, Plaintiffs were unable to effectively cross examine Business Moves and Mr. Bordenave. Of approximately 560 documents which Defendants have produced, Defendants have failed to produce **any** evidence concerning the sales and distribution of goods bearing the Infringing Marks in interstate commerce, though Mr. Bordenave testified that such evidence exists. There are no text messages, although Mr. Bordenave has acknowledged that he and his business partner Mr. Pampley do communicate by text, and there are only a handful of emails that appear to have been cherry picked and printed; it is clear that no search of either Mr. Bordenave or Mr. Pampley's email accounts (or Mr. Smith's, for that matter) took place. Moreover, Mr. Bordenave repeatedly testified on behalf of Business Moves that responsive documents were allegedly provided to its counsel and/or to an e-discovery vendor hired by counsel, but which have not been produced in this action.[4]

We respectfully request that the Court order Defendants to produce these documents and make Messrs. Pampley and Smith available for deposition following production. Given the Court's current May 24, 2019 deadline to complete all fact discovery, and May 31st deadline to submit a pre-motion letter concerning Plaintiff's anticipated summary judgment motion, Plaintiffs respectfully request that the two depositions be ordered with sufficient time develop a full record prior to the submission of pre-motion letters. We reasonably believe that Defendants should be able to produce documents without delay and that Plaintiffs therefore should be able to review and depose Messrs. Pampley and Smith and prepare our pre-motion summary judgment letter to Your Honor by June 10, 2019 – still in time for the status conference Your Honor has scheduled in this matter on June 11, 2019.

---

[4] Mr. Bordenave testified that he texts for work but does not know if his text messages were searched (none were produced) (Tr. 43:18-44:22, 239:11-17); Business Moves testified it turned over numerous invoices showing sales of hair care products bearing the ASAHD COUTURE logo to its counsel (Tr. 55:2-10, 175:3-7) – but Plaintiffs and their counsel have seen none; Business Moves testified it provided an invoice for patches bearing the logo A.S.A.H.D. A Son and His Dad to his counsel (Tr. 73:22-23), but none was produced; Business Moves testified it provided to its counsel the name of the company from which the patches bearing the A.S.A.H.D. A Son and His Dad logo were ordered (Tr. 74:12-22), but Plaintiffs have not seen such; Business Moves testified Plaintiffs should have received receipts for the purchase of products to create haircare products bearing the ASAHD COUTURE logo (Tr. 167:9-18), but none have been produced; Business Moves testified it provided to its counsel GS1 bar codes identifying certain products (Tr. 168:15-21), but we have seen none; Business Moves testified that records of sales of t-shirts bearing the ASAHD logo were turned over to counsel (Tr. 188:16-17), but we have seen none; Business Moves testified that a box of paperwork for Business moves was turned over to counsel (Tr. 228:18-233:14), but we have not seen its contents; Business Moves further testified that the box was shipped back, and is either with Mack Pampley or at the deponent's house in Columbus (*id.*) – despite Deponent's promise to bring this box on the second day of his examination on May 17, 2019, he failed to do so.

**PRYOR CASHMAN LLP**

Hon. Paul A. Engelmayer
May 21, 2019
Page 4

                                                                        Respectfully submitted,

                                                                         Perry Amsellem

cc:    Counsel of Record via ECF
        Curtis Bordenave, *Pro Se* Defendant via email and First Class Mail