Curtis Bordenave
Pro Se Defendant
1202 6th Street
Columbus MS 39701

RECEIVED
SDNY PRO SE OFFICE
2019 MAY 22  AM 8: 47
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KHALED M. KHALED and
  ATK ENTERTAINMENT, INC.,

                    Plaintiffs,

          v.                                    Case No. 18-cv-05187 (PAE) (DCF)

CURTIS BORDENAVE and
BUSINESS MOVES CONSULTING INC.
D/B/A BUSINESS MOVES,                            Jury Trial Demanded

                    Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 5-22-19

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

  Curtis Bordenave (hereinafter "Defendant,") Pro Se , hereby answers and submits

affirmative defenses to the individually numbered allegations in the Amended Complaint of May

2, 2019 (the "Amended Complaint") filed by Plaintiff Khaled M. Khaled and ATK

Entertainment, Inc. (hereinafter "Plaintiffs"), as follows:

### NATURE OF THE ACTION

  1.  Defendant denies the allegations of Paragraph 1.

  2.  Defendant denies the allegations of Paragraph 2.

  3.  Defendant admits it has applied to register the trademarks ASAHD, ASAHD

COUTURE, A.S.A.H.D. A SON AND HIS DAD, and WE THE BEST LIFESTYLE, and

3.      Defendant admits it has applied to register the trademarks ASAHD, ASAHD COUTURE, A.S.A.H.D. A SON AND HIS DAD, and WE THE BEST LIFESTYLE, and made certain uses of at least one of these trademarks, but denis the remaining allegations of Paragraph 3.

4.      Defendant denies the allegations of Paragraph 4.

5.      Defendant admits that Plaintiffs have brought this action under the grounds enumerated in the Complaint and seek the relief requested in the Complaint, but denies the remaining allegations of Paragraph 5.

6.      Defendant admits that Plaintiffs request a declaratory judgment in the Complaint, but denies the remaining allegations of Paragraph 6.

**THE PARTIES**

7.      Defendant lacks sufficient information to admit or deny the allegations of Paragraph 7, and therefore denies same.

8.      Defendant lacks sufficient information to admit or deny the allegations of Paragraph 8, and therefore denies same.

9.      Defendant admits that Curtis Bordenave is a resident of Texas, but deny the remaining allegations of Paragraph 9.[[WHAT'S CURTIS' MAILING ADDRESS]]

10.     Defendant admits that Business Moves is a corporation existing under the laws of the State of Mississippi, but denies the remaining allegations of Paragraph 10.

**JURISDICTION & VENUE**

11.     Defendant admits that this action was purportedly brought under the enumerated laws, but denies the remaining allegations of Paragraph 11.

2

12.     Defendant denies the allegations of Paragraph 12.

13.     Defendant denies the allegations of Paragraph 13.

14.     Defendant denies the allegations of Paragraph 14.

### Common facts

### A. Khaled, DJ Khaled and We The Best

15.     Defendant denies the allegations of Paragraph 15.

16.     Defendant admits that Plaintiff Khaled has used the performing name and designation Khaled and DJ Khaled in connection with various entertainment and music related products and services, but denies the remaining allegations of Paragraph 16.

17.     Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 17, and therefore denies same.

18.     Defendant deniesy the allegations of paragraph 18.

19.     Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 19, and therefore denies same.

20.     Defendant admits that Khaled now often repeats and shouts the phrase "we the best" and has used the phrase interwoven with lyrics, but denies the remaining allegations of Paragraph 20.

21.     Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 21, and therefore denies same.

22.     Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 22, and therefore denies same.

23.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 23, and therefore denies same.

24.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 24, and therefore deny same.

25.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 25, and therefore denies same.

26.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 26, and therefore denies same.

27.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 27, and therefore denies same.

28.    Defendant admits that Khaled has appeared on television programs, but Defendant lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 28, and therefore denies same.

29.    Defendant denies the allegations of Paragraph 29.

30.    Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 30, and therefore deny same.

31.    Defendant denies the allegations of Paragraph 31.

32.    Defendant admits that Khaled and Nicole Tuck have a son named Asahd Tuck Khaled, but denies the remaining allegations of Paragraph 32.

33.    Defendant deny the allegations of Paragraph 33.

34.    Defendants denies the allegations of Paragraph 34 and/or lacks sufficient knowledge to admit or deny the allegations of Paragraph 34, and therefore denies same.

35.   Defendants denies the allegations of Paragraph 35.

36.   Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 36, and therefore denies same.

37.   Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 37, and therefore denies same.

38.   Defendant admits that USPTO records purportedly show that ATK applied to register the marks Asahd, Asahd Khaled, and Asahd Tuck Khaled and do not deny the identified serial numbers, but denies the remaining allegations of paragraph 38.

**B. Defendants' Activities**

39.   Defendant admits they filed the identified trademark applications for the identified goods or services and that the applications speak for themselves, but denies the remaining allegations of Paragraph 39.

40.   Defendant admits they filed the identified trademark applications, which speak for themselves, but denies the remaining allegations of Paragraph 40.

41.   Defendant admits that they filed Ser. No. 87/541,379, which speaks for itself and denies any remaining allegations of Paragraph 41.

42.   Defendant admits they filed Ser. No. 87/798,432 and 87/867,012, which speak for themselves, and deny any remaining allegations of Paragraph 42.

43.   Defendant admits the USPTO issued Reg. 5,623,582, which speaks for itself, Defendant admits that the USPTO issued an office action in other pending applications, which speak for themselves, but denies the remaining allegations of Paragraph 43.

44.   Defendant admits the allegations of Paragraph 44.

45.    Defendant denies the allegations of Paragraph 45.

46.    Defendant does not understand the scope of Plaintiff's use of the word "indicated" and therefore denies the allegations of Paragraph 46.

47.    Defendant admits that they have not obtained written consent from Plaintiffs or any representative of the Plaintiffs to use the Asahd name and the mark We The Best Lifestyle, but denies that they were obligated to obtain such consent and denies the remaining allegations of Paragraph 47.

48.    Defendant admits that its goods and services (if any) offered under the Asahd and We The Best Lifestyle marks were not provided or approved by Plaintiffs or anyone with authorization from Plaintiffs, but denies that such approval was required and denies the remaining allegations of Paragraph 48.

49.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 49, and therefore denies same.

50.    Defendant denies the allegations of Paragraph 50.

51.    Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 51, and therefore denies same.

52.    Defendant denies the allegations of Paragraph 52.

53.    Defendant admits that they continue to use We The Best and Asahd, denies any trademark use of We The Best and denies the remaining allegations of Paragraph 53.

54.    Defendant denies the allegations of Paragraph 54.

55.    Defendant admits that Plaintiff accurately transcribed a portion of the February 16, 2018 communication, but denies the remaining allegations of Paragraph 55.

56.     Defendant admits that they sent a follow-up communication and that the follow-up communication included the words "big problem," but denies the remaining allegations of paragraph 56.

57.     Defendant denies the allegations of Paragraph 57.

**C. Effect of Conduct**

58.     Defendant denies the allegations of Paragraph 58.

59.     Defendant denies the allegations of Paragraph 59.

60.     Defendant denies the allegations of Paragraph 60.

61.     Defendant denies the allegations of Paragraph 61.

62.     Defendant denies the allegations of Paragraph 62.

**First Claim For Relief – N.Y. Civ. Rights Law §§ 50-51**

63.     Defendant repeats and realleges their responses to paragraphs 1-62, as if fully set forth herein.

64.     Defendant denies the allegations of Paragraph 64.

65.     Defendant admits that they do not have the consent of Plaintiffs to use the name Asahd, but denies that such consent is required and denies the remaining allegations of Paragraph 65.

66.     Defendant denies the allegations of Paragraph 66.

67.     Defendant denies the allegations of Paragraph 67.

**Second Claim For Relief – N.Y. Civ. Rights Law §§ 50-51**

68.     Defendant repeats and realleges their responses to paragraphs 1-67, as if fully set forth herein.

69.     Defendant denies the allegations of Paragraph 69.

70.     Defendant admits that they do not have the consent of Plaintiffs to use the name Khaled and DJ Khaled, but denies that such consent is required and denies the remaining allegations of Paragraph 70.

71.     Defendant denies the allegations of Paragraph 71.

72.     Defendant denies the allegations of Paragraph 72.

**Third Claim For Relief – Federal Trademark Infringement (15 U.S.C. § 1114(1)**

73.     Defendant repeats and realleges their responses to paragraphs 1-72, as if fully set forth herein.

74.     Defendant denies the allegations of Paragraph 74.

75.     Defendant denies the allegations of Paragraph 75.

76.     Defendant denies the allegations of Paragraph 76.

77.     Defendant denies the allegations of Paragraph 77.

78.     Defendant denies the allegations of Paragraph 78.

**Fourth Claim For Relief – Federal Unfair Competition (15 U.S.C. § 1125(a)**

79.     Defendant repeats and realleges their responses to paragraphs 1-78, as if fully set forth herein.

80.     Defendant denies the allegations of Paragraph 80.

81.     Defendant denies the allegations of Paragraph 81.

82.     Defendant denies the allegations of Paragraph 82.

83.     Defendant denies the allegations of Paragraph 83.

84.     Defendant denies the allegations of Paragraph 84.

8

85.     Defendant denies the allegations of Paragraph 85.

86.     Defendant denies the allegations of Paragraph 86.

## Fifth Claim For Relief – Unfair Competition Under New York Common Law

87.     Defendant repeats and realleges their responses to paragraphs 1-86, as if fully set forth herein.

88.     Defendant denies the allegations of Paragraph 88.

89.     Defendant denies the allegations of Paragraph 89.

90.     Defendant denies the allegations of Paragraph 90.

91.     Defendant denies the allegations of Paragraph 91.

92.     Defendant denies the allegations of Paragraph 92.

**Sixth Claim For Relief –**
**Violation Of The New York Deceptive And Unfair Trade Practices Act**
**(N. Y. Gen. Bus. Law § 349)**

93.     Defendant repeats and realleges their responses to paragraphs 1-92, as if fully set forth herein.

94.     Defendant denies the allegations of Paragraph 94.

95.     Defendant denies the allegations of Paragraph 95.

96.     Defendant denies the allegations of Paragraph 96.

97.     Defendant denies the allegations of Paragraph 97.

98.     Defendant denies the allegations of Paragraph 98.

99.     Defendant denies the allegations of Paragraph 99.

## Seventh Claim For Relief – Commercial Defamation

100.    Defendant repeats and realleges their responses to paragraphs 1-99, as if fully set forth herein.

101.    Defendant denies the allegations of Paragraph 101.

102.    Defendant denies the allegations of Paragraph 102.

103.    Defendant denies the allegations of Paragraph 103.

104.    Defendant denies the allegations of Paragraph 104.

## Eighth Claim For Relief –Cancellation of TM Reg. No. 5,623,582

105.    Defendant repeats and realleges their responses to paragraphs 1-104, as if fully set forth herein.

106.    Defendant denies the allegations of Paragraph 106.

107.    Defendant denies the allegations of Paragraph 107.

## Ninth Claim For Relief – Claim For Declaratory Judgment Of Non-Infringement

108.    Defendant repeats and realleges their responses to paragraphs 1-107, as if fully set forth herein.

109.    Defendants admit that Plaintiff ATK's use and registration of the Asahd mark is likely to cause confusion with Defendants' Asahd mark, but denies the remaining allegations of Paragraph 109.

110.    Defendant denies the allegations of Paragraph 110.

111.    Defendant denies the allegations of Paragraph 111.

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Wherefore Clause of their complaint.

## AFFIRMATIVE DEFENSES

10

### First Defense

112.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

113.    Plaintiffs' alleged marks are invalid, unenforceable and/or unprotectable as trademarks and cannot form the basis of an infringement or unfair competition claim under state or federal law and should be canceled.

### Third Defense

114.    Plaintiffs' alleged marks are merely descriptive and have not achieved acquired distinctiveness or secondary meaning among relevant consumers, and are unprotectable as trademarks and cannot form the basis of an infringement or unfair competition claim under state or federal law and any such registrations are invalid and should be canceled. Plaintiffs cannot demonstrate that the marks at issue are distinctive enough to deserve protection and the Defendants' use of said marks is not likely to cause consumer confusion as to the proper origin of the good offered.

### Fourth Defense

115.    Plaintiffs use the alleged marks Khaled and Asahd as personal names and they are invalid as trademarks. Plaintiffs do not use the alleged trademarks as trademarks.

### Fifth Defense

116.    Plaintiffs' use of "we the best" is merely descriptive, the phrase is commonly used by many businesses and individuals, and cannot serve the trademark use alleged by Plaintiffs.

11

### Sixth Defense

117.    Plaintiff ATK is not a valid corporation and accordingly, any registrations filed by ATK are not valid. The formation of ATK exhibits unclean hands.

### Seventh Defense

118.    Defendants have not infringed any valid rights of Plaintiffs. Even if the rights are valid, there has been no infringing use.

### Eighth Defense

119.    Plaintiffs' Federal Trade Mark Registrations are invalid or unenforceable.

### Ninth Defense

120.    Plaintiffs are not the true owners of the trademark registrations.

### Tenth Defense

121.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Eleventh Defense

122.    Plaintiffs' claims are barred by the doctrine of unclean hands.

### Twelfth Defense

123.    Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that it will suffer any irreparable harm from Defendants' actions. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

### Thirteenth Defense

124.    The claims made in the Complaint are barred, in whole or in part, by fraud on the

United States Patent & Trademark Office.

### Fourteenth Defense

125.    The claims made in the Complaint are barred, in whole or in part, by reason of

other parties' use of any of the marks at issue.

**WHEREFORE**, defendant respectfully requests that this Court rule or otherwise enter a

judgment:

(1) Dismissing the claims in the Complaint with prejudice;

(2) Requiring Plaintiffs to pay defendant's costs and attorney fees, because this is

an exceptional case, and reimburse defendants for their reasonable attorney fees and

expenses under 15 U.S.C. § 1117; and

(3) Granting such other and further relief as this court deems appropriate.

### <u>Demand For Jury Trial</u>

Defendants demand a jury trial on all triable issues.

Dated: Columbus , Mississippi
          May 13,2019

By: _____

Curtis P Bordenave
Pro Se Defendant

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

# PRIORITY
## ★ MAIL ★
# EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

13 July 2013   OD: 12.5 x 9.5

IF USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

PS 1000 1000006

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE ®

PRIORITY
★ MAIL ★
EXPRESS™

UNITED STATES
POSTAL SERVICE ®




U.S. POSTAGE PAID
PME 1-Day
COLUMBUS, MS
39705
MAY 13, 19
AMOUNT
$25.50
R2303S101597-05

10007

E L 4 5 5 8 7 4 5 3 4 U S

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)      PHONE ( 603 ) 549-4066

Curtis Boulware
1202 6th Street N.
Columbus MS 39701

PAYMENT BY ACCOUNT (if applicable)

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® for local Post Office™ for availability.

TO: (PLEASE PRINT)      PHONE ( )

U.S.D.C.
of Southern District of NY
500 Pearl Street U.S.
Thurgood Marshall U.S. Courthouse #
ZIP + 4® (U.S. ADDRESSES ONLY)   40 Foley Square Room #
10007   NY, NY

• For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
• $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code   ☑ 1-Day   ☐ 2-Day   ☐ Military

39705

Date Accepted (MM/DD/YY)   Scheduled Delivery Date (MM/DD/YY)   Postage
05-13-19   05-14-19   $ 20.00

Time Accepted   ☐ AM ☐ PM   Scheduled Delivery Time   Insurance Fee   COD Fee
8:13A   ☐ 10:30 AM ☐ 3:00 PM   $   $

Weight   ☐ Flat Rate   10:30 AM Delivery Fee   Return Receipt Fee   Live Animal Transportation Fee
4 lbs. 4 ozs.   $   $   $

Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Sunday/Holiday Premium Fee   Total Postage & Fees
$   $ 5.50

Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Acceptance Employee Initials
Employee Signature

Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature

LABEL 11-B, SEPTEMBER 2015   PSN 7690-02-000-9996   3-ADDRESSEE COPY

MONEY BACK GUARANTEE for U.S. destinations only.




